# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ALICE SOWDERS, DVM d/b/a FAIRBORN ANIMAL HOSPITAL, individually and as the representative of a class of similarly-situated persons, | : : : : : |
| Plaintiff, | Case No. 3:23-cv-56 |
| | Judge Thomas M. Rose |
| v. | Magistrate Judge Peter B. Silvain, Jr. |
| SCRATCH FINANCIAL, INC. | |
| Defendant, | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT (DOC. NO. 13)**

---

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, to Strike Plaintiff's Class Allegations (the "Motion") (Doc. No. 13). Plaintiff Alice Sowders, DVM d/b/a Fairborn Animal Hospital ("FAH") filed its initial Complaint (the "Complaint") against Defendant Scratch Financial, Inc. ("Scratch") on behalf of itself and as the representative of a class of similarly-situated persons (the "Putative Class"), alleging a single cause of action arising under the "junk fax" provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C) (the "TCPA"). (Doc. No. 1 at PageID 18-24.) Pursuant to the Court's prior Entry and Order Granting, in Part, and, Denying, in Part, Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Strike Plaintiff's Class Allegations ("Order") (Doc. No. 10), FAH subsequently filed its Amended Class Complaint (the "Amended Complaint") (Doc. No. 11).

1

Scratch has now filed the instant Motion, essentially reasserting the rejected arguments that it previously raised in Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Strike Plaintiff's Class Allegations (Doc. No. 7). (*Compare* Doc. Nos. 7 & 13.) Predominantly, Scratch submits that FAH lacks standing to maintain this suit as a matter of fact. (Doc. No. 13 at PageID 240-47.) Alternatively, Scratch requests that the Court strike FAH's class allegations. (*Id.* at PageID 248-54.) For the reasons discussed below, the Court **DENIES** Scratch's Motion.

I.     **BACKGROUND**

This action arises from a promotional fax transmitted from Scratch to FAH. (Doc. No. 11 at PageID 168-69.) FAH is a veterinary clinic operating in Fairborn, Ohio. (*Id.* at PageID 171.) Scratch partners with veterinary offices and other medical providers to offer patients and pet owners financing options for those professional services. (*Id.* at PageID 172.) In short, FAH alleges that on February 20, 2019, Scratch sent an unsolicited promotional fax to FAH in violation of the TCPA. (*Id.* at PageID 177-78.) Further, FAH alleges cause to believe that Scratch sent unsolicited faxes via bulk fax broadcasts and has lodged its Amended Complaint with the Court on behalf of itself and the Putative Class. (*Id.* at PageID 179-80.)

With this synopsis, the Court finds that no factual development has occurred in this case since issuing its prior Order. The Amended Complaint only differs from the initial Complaint insofar as it includes a new proposed class definition and no longer requests injunctive relief; both changes being made pursuant to the Court's Order. (*Compare* Doc. Nos. 1 & 11.) In the absence of any additional facts, the Court will not reiterate its previous factual findings here.[1] Instead the Court will focus on FAH's new proposed class definition and the procedural posture of Scratch's Motion.

---

[1] For a full background of the present action, see Doc. No. 10 at PageID 149-50.

2

Again, FAH insinuates that it was the recipient of a "bulk fax broadcast" by Scratch. (Doc. No. 11 at PageID 179-80.) Assuming that there are others similarly situated as a result, FAH has proposed the following class definition in its Amended Complaint:

> All persons and entities who were sent one or more facsimiles on or after February 20, 2019, stating, "SIGN UP YOUR CLINIC NOW FOR FREE" and referencing the webpage "scratchpay.com/fax," but excluding all persons and entities who signed-up or registered with Scratch Financial or Scratchpay.

(*Id.* at PageID 180.)

FAH filed its Amended Complaint on November 28, 2023, in accordance with the Court's Order, seeking statutory damages under the TCPA for itself and the Putative Class. (Doc. No. 11.) Scratch filed the instant Motion on December 26, 2023. (Doc. No. 13.) FAH filed its response in opposition to Scratch's Motion (the "Response") (Doc. No. 15) on June 1, 2023, and Scratch timely filed its Reply (Doc. No. 16). Hence, Scratch's Motion is ripe for review and decision.

II. **STANDARD OF REVIEW**

1. **Subject Matter Jurisdiction**

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally fall into one of two categories: facial attacks or factual attacks. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack questions the sufficiency of the pleading. *Id.* In reviewing a facial attack, a trial court takes the allegations in the complaint as true. *Id.* If those allegations adequately establish jurisdiction, then the court will find that jurisdiction exists. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (internal citations omitted).

A factual attack on subject matter jurisdiction has been commonly termed a "speaking motion." *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325). When the facts regarding subject matter jurisdiction create a factual controversy, the court must weigh the conflicting evidence to

determine whether subject matter jurisdiction exists. *Id.* "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* Because the issue in a factual attack is the court's jurisdiction, the reviewing court may go beyond the pleadings and "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *see also Anestis v. United States*, 749 F.3d 520, 524 (6th Cir. 2014). Under a proper factual challenge, a plaintiff's allegations do not benefit from a presumption of truth. *Gentek*, 491 F.3d at 330.

However, a court will engage in this factual inquiry "only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330 (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). If a factual attack on subject matter jurisdiction implicates the merits of the plaintiff's claim, "the district court should '*find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Id.* (internal citations omitted) (emphasis in original). This subjects the party posing a factual attack on a court's subject matter jurisdiction to the standards of Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56. *Id.*

The party asserting jurisdiction has the burden of proof. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). This burden must be satisfied by a preponderance of the evidence. *Wright v. United States*, 82 F.3d 419 (6th Cir. 1996).

## 2. Motion to Strike Class Allegations

Federal class actions must be brought in accordance with Fed. R. Civ. P. 23. *Progressive Health & Rehab Corp. v. Quinn Med., Inc.* 323 F.R.D. 242, 244 (S.D. Ohio 2017). To successfully proceed with a class action, plaintiffs must demonstrate that:

4

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.* (quoting Fed. R. Civ. P. 23(a)). "Plaintiffs must also show that the class action falls into at least one of the three categories set forth by Rule 23(b)." *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011)).

There are two procedural mechanisms that a court may use to strike class allegations from a plaintiff's complaint. *See Carmouche v. A1 Diabetes Med. Supply, Inc.*, 586 F. Supp. 3d 795, 799 (W.D. Tenn. 2022). First, a court may strike class allegations from a complaint pursuant to Fed. R. Civ. P. 12(f) if the allegations concern a "'redundant, immaterial, impertinent, or scandalous matter.'" *Id.* (quoting Fed. R. Civ. P. 12(f)). Second, a party may request that the court strike class allegations from the plaintiff's complaint on the grounds that the prerequisites of Fed. R. Civ. P. 23(a) and (b) cannot possibly be satisfied. *Id.* (quoting *Schilling v. Kenton Cnty., Ky.*, No 10-143-DLB, 2011 U.S. Dist. LEXIS 8050, at *12, 2011 WL 293759, at *4 (E.D. Ky. Jan 27, 2011)) ("nothing in Rule 23 prevents a defendant from attempting to preemptively deny certification on the grounds that Rule 23(a) and (b) can never be satisfied").

Generally, "courts should exercise caution when striking class action allegations based solely on the pleadings . . ." *Progressive Health*, 323 F.R.D. at 244-45 (internal citations and quotation marks omitted). A court's determination to strike class allegations "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (internal citations and quotation marks omitted). Accordingly, some courts review motions to strike class allegations taking all well-pled allegations as true and construing the allegations in the light most favorable to the

5

plaintiff, as when reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Eldridge v. Cabela's, Inc.*, No. 3:16-cv-536-DJH, 2017 U.S. Dist. LEXIS 160427, at *24, 2017 WL 4364205, at *7 (W.D. Ky. Sept. 28, 2017). Though the burden of proving that Fed. R. Civ. P. 23 has been satisfied remains with the plaintiff. *Progressive Health*, 323 F.R.D. at 245 (internal citations omitted).

### III. ANALYSIS

Broadly speaking, Scratch has posed two arguments here. First, Scratch contends that FAH lacks standing to maintain the current action as a matter of fact. (Doc. No. 13 at PageID 240-47.) Alternatively, Scratch argues that FAH's class allegations should be stricken. (*Id.* at PageID 248-54.) The Court will consider Scratch's factual attack on standing and FAH's class allegations in turn.

#### 1. Standing/Intertwinement

The Court first considers Scratch's factual challenge to subject matter jurisdiction. Scratch submits that FAH lacks standing to bring this action because, as a matter of fact, FAH has suffered no injury at all under the TCPA. (*See* Doc. No. 13 at PageID 235.) To support this factual challenge, Scratch has provided the declaration of its Vice President of Sales, Neil Stanga, to demonstrate that FAH either provided consent to receive Scratch's promotional fax or otherwise had an existing business relationship ("EBR") with Scratch, as defined by the TCPA. (Doc. No. 13-1.) Scratch further posits that consent and the existence of an EBR are not intertwined with the merits of FAH's claim and the Court "must" consider Scratch's evidence, despite the Court's previous contrary decision. (Doc. No. 13 at PageID 236.)

On the other hand, FAH notes that the Court previously rejected the arguments espoused by Scratch here. (Doc. No. 15 at PageID 268-69.) Specifically, FAH argues that Scratch's factual

6

challenge is intertwined with the merits of this case and, that factual challenge is consequently improper. (*Id* at PageID 271-73.)

The Parties' arguments ultimately hinge upon whether the "intertwinement rule" applies to this action for purposes of the present Motion. Courts have generally been instructed to "assume jurisdiction when statutory standing and merits questions converge." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 443-44 (6th Cir. 2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)). As a rule, "[t]he question of subject matter jurisdiction and the merits will normally be considered intertwined where the [same] statute provides both the basis of federal court subject matter jurisdiction and the cause of action." *Id.* (quoting *Eubanks v. McCotter*, 802 F.2d 790, 793 (5th Cir. 1986)) (internal citations and quotation marks omitted).

Yet, a factual challenge to statutory standing will not be considered intertwined with the merits of a claim where it does not require the reviewing court to engage in statutory interpretation. *De Angelis v. Nat'l. Ent. Grp., LLC*, No. 2:17-CV-924, 2018 U.S. Dist. LEXIS 243810, at *12-13, 2018 WL 11316612, at *4 (S.D. Ohio Jul. 25, 2018). For instance, in *De Angelis*, the plaintiff brought a FLSA action against the defendant and defendant raised a factual challenge to standing, arguing that De Angelis never worked for National Entertainment Group. *See Id.* The court found that the relevant question was the very existence of an employment relationship, not whether an existing employment relationship between the parties was actionable under the FLSA. *Id.* An interpretation of the FLSA was unnecessary to reach this issue and thus, the defendant's factual challenge was not intertwined with the merits of the plaintiff's FLSA claims. *Id.*

Nevertheless, if standing and the merits of a plaintiff's claim are intertwined, courts are encouraged to "find that jurisdiction exists and deal with the objection as a direct attack on the

7

merits." *Gentek*, 491 F.3d at 330 (internal citations and quotation marks omitted). At the pleading stage, this requires courts to consider a party's factual challenge under Rule 12(b)(6). *Id.*

Here, Scratch's factual challenge relies on purported facts which are intertwined with the merits of FAH's claim under the TCPA. To start, Scratch does not dispute the fact that it sent a fax to FAH, nor does Scratch contend that FAH did not receive the Scratch's promotional fax. Rather, Scratch argues consent and the existence of an EBR. (Doc. No. 13 at PageID 240-47.) As FAH correctly notes, these are affirmative defenses to a TCPA claim. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense"); *Krakauer v. Dish Network, LLC*, 311 F.R.D. 384, 397 (M.D.N.C. 2015) ("EBR is a defense for [defendant] to prove"). To make any substantive determinations regarding Scratch's affirmative defenses would require the Court to interpret the TCPA in relation to FAH's claim. This clearly implicates the merits of FAH's claim. Thus, the intertwinement rule applies and the Court must consider Scratch's factual challenge here pursuant to the standards of Rule 12(b)(6)

To this end, the Court is unpersuaded by Scratch's argument. The Court's reasoning on this issue deviates in no way from the analysis contained in its previous Order and the Court will not repeat itself here.[2] Ultimately, the Court finds that FAH has adequately alleged an injury to maintain the present action and Scratch's factual challenge to standing is **DENIED**.

### 2. Class Allegations

The Court now turns its attention to Scratch's alternative motion to strike the class allegations contained in the Amended Complaint. Scratch has made no assertion that FAH's class allegations contain any redundant, immaterial, impertinent, or scandalous matter. Therefore, the

---

[2] For a complete standing analysis, see Doc. No. 10 at PageID 154-57.

Court will base its determinations on whether the requirements of Rule 23 can be satisfied under the class allegations as pled.

### i. Overbreadth

Another recycled argument, Scratch asserts that FAH's proposed class definition is impermissibly overbroad and therefore, facially uncertifiable. (Doc. No. 13 at PageID 250-51.) Substantively, Scratch avers that the proposed class definition will inevitably include individuals who do not have a viable TCPA claim in this instance. (*Id.*) Namely, Scratch argues that the proposed class will include individuals who did not receive a promotional fax on a traditional standalone fax machine over a regular telephone line. (*Id.* at PageID 251.)

The Court again finds Scratch's overbreadth arguments to be without merit and will not repeat its entire analysis here.[3] Briefly, that a proposed class definition will include individuals who do not have a viable claim does not defeat allegations of predominance. *Bridging Cmtys., Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1125 (6th Cir. 2016) (quoting *Young v. Nationwide Ins. Co.*, 693 F.3d 532, 544 (6th Cir. 2012) (internal quotation marks omitted). Indeed, the Court may later exclude members of the Putative Class after some factual development. *Bridging Cmtys.*, 843 F.3d at 1126 ("[the Court] can place class members with potentially barred claims in a separate subclass or exclude them from the class altogether") (internal citations and quotation marks omitted). Further, if Scratch can later point to individualized defenses in this case, the Court can then utilize "procedural mechanisms" to prune the class. *Id.* Thus, the Court will not strike FAH's class allegations as overbroad at this time.

---

[3] For a full analysis of Scratch's overbreadth arguments, see Doc. No. 10 at PageID 160-62, 164-65.

9

### ii. "Fail-Safe" Class

Scratch next asserts that FAH's proposed class definition constitutes an impermissible fail-safe class. (Doc. No. 13 at PageID 249-50.) In particular, Scratch takes issue with the proposed class definition's exclusion of all persons and entities who signed-up or registered with Scratch Financial of Scratchpay. (*Id.* at PageID 250.) In Scratch's view, this exclusion ensures that the proposed class would only include persons or entities who did not consent to receiving Scratch's promotional faxes. (*Id.*) Under such a definition, only those with a successful claim could be members of the Putative Class. (*Id.*)

FAH counters that Scratch's fail-safe class argument is contradictory to its other positions and relies on fundamentally flawed assumptions. (Doc. No. 15 at PageID 275.) FAH questions the assumption "that everyone who has never registered or signed up with [Scratch], like [FAH] has never given permission or had an EBR with [Scratch]." (*Id.*)

Fail-safe classes are classes that only include members who are entitled to relief. *Progressive Health*, 323 F.R.D. at 245 (quoting *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011)). This is to say, membership in the class is predicated on having a successful claim. *Id.* Such fail-safe classes are impermissible because it is impossible to ascertain who its members are until judgment is rendered. *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 U.S. Dist. LEXIS 63122, at *23, 2014 WL 1814076, at *9 (S.D. Ohio May 7, 2014).

Regarding the Amended Complaint, the Court finds that FAH's proposed class definition does not constitute an impermissible fail-safe class. The Court reads the proposed class definition to exclude persons and entities who availed themselves of Scratch's services upon receiving a promotional fax. While this may be relevant to determining prior express consent or the existence of EBRs as an evidentiary matter, it does not guarantee or support the notion that the Putative Class

10

will only include members with successful TCAP claims. An individual could easily consent to receive a promotional fax from Scratch and not sign up or register with Scratch. Similarly, an individual could receive an unsolicited promotional fax from Scratch and still sign up or register to do business with the company. What's more, based on the tenor of FAH's allegations, the Court questions whether FAH would even be representative of a class that includes persons and entities who responded positively to Scratch's advertisements. Therefore, the Court finds that the Putative Class is not fail-safe and the Court will not strike FAH's class allegations on this ground.

### IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, to Strike Plaintiff's Class Allegations (Doc. No. 13).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, February 9, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE